UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09634-WLH-PVC | | Date | January 28, 2026 |
|---|---|---|---|---|
| Title | ***William Abshire et al v. Station Casinos LLC*** | | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION
TO REMAND [19]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion").  ("Motion to Remand," Dkt. No. 19) ("Mot.").  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 14 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for January 30, 2026 is **VACATED**, and the matter taken off calendar.  For the reasons explained herein, the Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiffs William Abshire and Armando Sanchez ("Plaintiffs"), each individually and behalf of all others similarly situated, bring this class action suit against Defendant Station Casinos, LLC ("Defendant").  ("Complaint," Dkt. No. 1-1) ("Compl.").[1] Plaintiffs bring claims under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (the "CLRA"), the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et

---

[1] This Order will refer to the complaint operative at the time of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

## CIVIL MINUTES - GENERAL

seq. ("UCL"), the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), and a claim for unjust enrichment.  (*See generally* Compl.).  Plaintiffs allege that Defendant advertised hotel room rates to California consumers without disclosing mandatory resort and amenity fees until late in the booking process—a practice commonly known as "drip pricing."  (*Id*. ¶¶ 1-3).  Plaintiffs assert "California law prohibits this practice in multiple ways" through the FAL, UCL and the CLRA.  (*Id*. ¶¶ 5).

Plaintiff Abshire allegedly booked a room at Durango, a Defendant-owned and operated resort in Las Vegas, on May 7, 2025.  (*Id*. ¶ 7).  Plaintiff Sanchez booked a room at Boulder Station, another Defendant-owned and operated resort in Las Vegas, on July 1, 2023.  (*Id*.).  Both Plaintiffs allegedly "were each surprised to learn that the price initially advertised by Station on the Durango and Boulder Station websites, respectively, did not include the mandatory resort fee."  (*Id*.).  Plaintiffs contend that each of their claims target only the allegedly unlawful hidden fees as the basis for recovery.  (*See generally* Compl.).

Plaintiffs filed the instant Motion on November 21, 2025, arguing removal is improper.  (Mot., Dkt. No. 19).  On January 9, 2026, Defendant opposed the Motion (Opp'n, Dkt. No. 27), and Plaintiffs replied to the Opposition (Reply, Dkt. No. 29).

## II.    DISCUSSION

### A. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted).  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

### CIVIL MINUTES - GENERAL

"A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal….'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)).

The Class Action Fairness Act ("CAFA") provides that a federal district court may exercise subject matter jurisdiction over a putative class action in which: (1) the aggregate number of members of all proposed plaintiff classes is 100 or more persons; (2) the parties are "minimally diverse" (where any one plaintiff is a citizen of a state different from any defendant); and (3) the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). Unlike cases removed under diversity jurisdiction, however, "no antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when the allegation is challenged, "[e]vidence establishing the amount is required."  *Id.*  "[B]oth sides submit proof," and the court decides whether the defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied.  *Id*. at 88.  Such evidence may include "affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Ibarra*, 775 F.3d  at 1197 (internal quotation marks omitted) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Whether the defendant satisfies this requirement is "to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure" as "mere speculation and conjecture, with unreasonable assumptions" cannot suffice.  *Id*. at 1197-98.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

**CIVIL MINUTES - GENERAL**

### B. <u>Analysis</u>

Plaintiffs move to remand alleging that the Court lacks subject-matter jurisdiction because Defendant has failed to adequately demonstrate that over $5 million is in controversy as required by CAFA.[2]  "In determining the amount in controversy, courts first look to the complaint."[3]  *Ibarra*, 775 F.3d at 1197.  "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  "[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 87.  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id*

The Ninth Circuit has identified "three principles that apply in CAFA removal cases."  *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).

> First, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements.  Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.  Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

---

[2] Plaintiffs do not dispute that Defendant has properly pled the other two CAFA requirements.
[3] "[T]he amount in controversy is determined by the complaint *operative at the time of removal* and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                              **JS-6**

**CIVIL MINUTES - GENERAL**

*Id.* (citations omitted).  "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'"  *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1199).  "Such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'"  *Id*. (quoting *Ibarra*, 775 F.3d at 1199).  "An assumption may be reasonable if it is founded on the allegations of the complaint."  *Id*.

"[T]he plaintiff can contest the amount in controversy by making . . . a 'factual' attack on defendant's jurisdictional allegations."  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)).  "A factual attack 'contests the truth of the . . . allegations' themselves. *Harris*, 980 F.3d at 699.  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."  *Id.* (citing *Ibarra*, 775 F.3d at 1197). Although a plaintiff may rely on evidence to mount a factual attack, "[a] factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."  *Harris*, 980 F.3d at 700.  When federal jurisdiction is challenged and the amount of damages is not evident from the face of the complaint, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million."  *Ibarra*, 775 F.3d at 1197 (citing *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).

Here, Plaintiff Abshire and Plaintiff Sanchez have not alleged that either they or the class incurred any specific amount of damages.  (*See generally* Compl.).  Plaintiffs, however, have made it clear that the price premium due to the hidden fee serves as the basis for recovery, not the total transaction amount pertaining to the lawful base rate of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

## CIVIL MINUTES - GENERAL

the hotel stays.  (*Id*.).  For example, the relevant complaint states that Plaintiffs Abshire and Sanchez were injured when they were "charged and paid a fee that was rendered unlawful when Station advertised, displayed, and offered a price for the room reservation that did not include all mandatory fees or charges other than taxes or fees imposed by a government entity."  (Compl. ¶¶ 40, 49).  Additionally, the Complaint asserts, "[e]ach Plaintiff sustained a concrete harm when he paid 'an illegally appropriated . . . surplus' in the form of an inadequately disclosed, and thus unlawful, ancillary fee."  (*Id*. ¶ 53) (quoting *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, 635 (2023)).  Plaintiffs contend, "[t]his is therefore a price premium case, not a full refund case."  (Mot. at 5).  Plaintiffs do not request a full refund because they contend that their hotel stays did provide some value.  (*Id*.); *see Miller v. Travel Guard Grp., Inc*., 2023 WL 7106479, at *17 (N.D. Cal. Sept. 15, 2023) ("If plaintiffs obtained some value from the products or services at issue, then the difference between the price paid and actual value received is the appropriate measure of restitution.  Conversely, if the product or service does not provide any value, then a full refund model (i.e., a model that provides consumers with a full refund of the product's price) is available.").  Plaintiffs' position also follows from the fact that California law does not permit full reimbursement where plaintiffs have received some value from the product.  *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 802 (2015) ("Under plaintiffs' theory, a full refund would be available on any product, even costly items such as cars, yachts, and planes, based on UCL violations that had little or no impact on value.  That, of course, is not the law.").

Defendant, however, in asserting that the amount in controversy totals over $10 million (Opp'n. at 3) bases this amount partly on the assumption that each putative class member may recover a full refund (Notice of Removal ¶ 20).  In order to satisfy the required amount in controversy, Defendant also contends that treble damages, punitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

### CIVIL MINUTES - GENERAL

damages and attorneys' fees ensures that the amount in controversy exceeds $5 million. (*Id*.).  Although Defendant's notice of removal need only include plausible allegations that the amount in controversy exceeds $5 million, Defendant fails to provide any specific information as to how it reached this position.  (*See* Notice of Removal ¶ 20) ("Although Station Casinos denies that it has any liability as alleged by Plaintiffs and avers that it will prevail on the merits, based on the alleged amounts Plaintiffs paid ($275.72 and $271.52 per night), the number of hotel nights booked by California residents during the relevant time period through one of Station Casinos' websites, and the request for treble damages, punitive damages and attorney fees, the amount in controversy exceeds $5,000,000.").  In particular, Defendant calculates the amounts placed in controversy by these claims to be:

- over $10,145,616.32 for the total potential refund at issue.  ("Declaration of Jeffrey T. Welch," Dkt. No. 28-2 ¶ 7).  This value was reached by taking the full per night cost of $271.52 (pre-taxes) for one of the Defendant-owned hotels at issue and multiplying it by 37,466, which was the amount of actual rooms rented during the period at issue in this litigation.  (*Id*.).

- $1,529,526.72 for the resort fees.  (*Id*. ¶ 8).  This amount was reached by totaling the number of rentals across the different relevant Defendant-owned hotel fees by the resort fees charged by those hotels.  (*Id*.).

- $3,059,053.44 in punitive damages.  (Opp'n. at 11).

- $4,588,580.16 in statutory treble damages.  (*Id*.).

- $1,147,145.05 in attorneys' fees.  (*Id*.).

As set forth below, these calculations do not satisfy Defendant's burden because, outside of its resort fees calculation, these amounts are speculative and unsupported by the allegations in the removed Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

## CIVIL MINUTES - GENERAL

As for the over $10 million in full refund damages, Defendant does not support how either the removed Complaint or the relevant law can support this figure.  To support its contention that Plaintiffs' complaint does seek full refund damages, Defendant relies on the statement that "Plaintiffs would not have booked the rooms at all or would have paid less for them.  Plaintiffs were thus misled into transactions they otherwise would not have agreed to."  (Compl. ¶ 7).  Plaintiffs' Complaint read as a whole, however, puts only the hidden fees, not the entire cost of the transaction, at issue.  In the removed Complaint, Plaintiffs seek restitution of the concealed fees, not the lawful base price of the hotel stay that provided Plaintiffs with value.  (*See generally* Compl.).  In an advertising misrepresentations case, the Ninth Circuit has concluded that "[t]he proper calculation of restitution . . . is price paid versus value received."  *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir. 2018).  As it relates to false advertising suits brought under the UCL and FAL, as relevant here, the courts have followed this instruction.  *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009) ("The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution.").

In its opposition, Defendant cites two cases where the courts found that the defendant carried its burden because in one case, "[p]laintiffs clearly state throughout their Complaint that they intend to seek full restitution of the purchase price of the Product" (*Allred v. Frito-Lay N. Am., Inc.*, 2018 WL 1725535, at *3 (S.D. Cal. Apr. 10, 2018)), and in the other case, the complaint stated that "[p]laintiff seeks 'full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits obtained by Defendant as a result of its unlawful and unfair business acts or practices alleged herein.'" (*Turcios v. Carma Lab'ys, Inc.*, 2012 WL 12893989, at *2 (C.D. Cal. Dec. 13, 2012)).  These cases are therefore distinguishable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

## CIVIL MINUTES - GENERAL

Even if Plaintiffs had requested a full refund (they did not) in the removed Complaint, Plaintiffs would be required to establish that they received no value from the hotel stays to support this request.  *See In re Tobacco Cases II*, 240 Cal. App. 4th at 795 ("A full refund *may* be available in a UCL case when the plaintiffs prove the product had no value to them.") (emphasis in original).  Plaintiffs do not allege a total lack of value from the hotel stays in the Complaint, nor would such an allegation be plausible.  (*See generally* Compl.).  Plaintiffs confirm this in their Motion.  (See Mot. at 1) ("Plaintiffs do not seek rescission, nor do they allege the hotel rooms had no value.").  Thus, the $10 million full refund damages amount cannot support Defendant's amount in controversy calculation as "[r]escission or 'full refund' is unavailable in this case."  *Chowning*, 735 F. App'x at 925.

As for the $3,059,053.44 in punitive damages, Defendant's calculation of this amount is speculative.  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).  But "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  *Burk v. Med. Sav. Ins. Co*., 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  "Simply pointing out that Plaintiff is seeking punitive damages without proffering any evidence regarding the amount is insufficient to establish that the potential punitive damage award will more likely than not increase the amount in controversy."  *Geller v. Hai Ngoc Duong*, 2010 WL 5089018, at *2 (S.D. Cal. Dec. 7, 2010).  Here, Plaintiffs' Complaint mentions punitive damages *once* in the prayer for relief, but Plaintiffs fail to allege facts supporting this relief elsewhere in the Complaint.  (*See generally* Compl.).  In its opposition, Defendant reaches the $3,059,053.44 by adding a multiplier of 2:1 to the resort fee compensatory damages amount of $1,592.526.72.  (Opp'n. at 3).  Defendant neither presents evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                   JS-6

## CIVIL MINUTES - GENERAL

supporting its position that punitive damages are reasonably at stake based on the Complaint's claims and allegations nor does it present evidence supporting its application of a 2:1 multiplier.

Even if Defendant had provided evidence that punitive damages are reasonably at stake, Defendant failed to cite controlling authority for finding that a 2:1 ratio would be reasonably possible under the circumstances alleged in the removed Complaint.  The Ninth Circuit has concluded that a defendant seeking to remove a case under CAFA based on potential punitive damages need only show that the punitive damages amount is "reasonably possible," not that punitive damages are likely or probable.  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 769 (9th Cir. 2020).  The court stated, "[o]ne way to meet this burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Id*. at 772.  In the instant case, of the five cases Defendant cites to support its ratio of 2:1, only two of the cases are based on the CLRA, which is the statute asserted here.  Both cases, however, applied a ratio of 1:1, *not* 2:1, between compensatory and punitive damages.  *Bayol v. Zipcar, Inc.*, 2015 WL 4931756 (N.D. Cal. Aug. 18, 2015); *Tompkins v. Basic Rsch. LL*, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008).  Thus, the Court does not find that this amount of punitive damages was put at issue in the removed Complaint.

Defendant's assertion of $4,588,580.16 in statutory treble damages is also unsupported.  Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when the allegation is challenged, "[e]vidence establishing the amount is required." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.  Whether the defendant satisfies this requirement is "to be tested by consideration of real evidence and the reality of what is at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

## CIVIL MINUTES - GENERAL

stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure" as "mere speculation and conjecture, with unreasonable assumptions" cannot suffice. *Ibarra*, 775 F.3d at 1197-98. Here, Defendant has not established that Plaintiffs' recovery of $4,588,580.16 in treble damages (or any treble damages amount) is reasonably plausible. Although Defendant relies on Plaintiffs' statement in the Complaint's Prayer for Relief requesting treble damages, Defendant identifies no basis to establish that statutory treble damages are at stake in this litigation, fails to cite factually analogous authority permitting an award of statutory treble damages under the CLRA and fails to identify any statutory provision authorizing such relief on Plaintiffs' claims. In fact, Defendant cannot plausibly establish that Plaintiffs are entitled to treble damages as treble damages under the CLRA are available only in narrowly defined circumstances[4], none of which are implicated by the facts of this case. Defendant has reached this amount through "mere speculation and conjecture." *Id*. The Court must determine that Defendant satisfies the amount in controversy requirement by "test[ing] . . . the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's

---

[4] Under the CLRA, treble damages are awarded "[w]henever it is proven by a preponderance of the evidence that a defendant has engaged in conduct in violation of paragraph (24) of subdivision (a) of Section 1770, in addition to all other remedies otherwise provided in this section, the court shall award treble actual damages to the plaintiff." Cal. Civ. Code § 1780. The conduct described in paragraph (24) of subdivision (a) is "[c]harging or receiving an unreasonable fee to prepare, aid, or advise any prospective applicant, applicant, or recipient in the procurement, maintenance, or securing of public social services." Cal. Civ. Code § 1770. Public social services refer to "those activities and functions of state and local government administered or supervised by the State Department of Health Care Services, the State Department of Public Health, or the State Department of Social Services, and involved in providing aid or services, or both, including health care services, and medical assistance, to those persons who, because of their economic circumstances or social condition, are in need of that aid or those services and may benefit from them." *Id*.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

**CIVIL MINUTES - GENERAL**

theory of damages exposure." *Id*. As Defendant has failed to establish that treble damages are at stake in this litigation, the Court does not find that this amount was sufficiently pled.

Lastly, Defendant's attorneys' fees amount of $1,147,145.05[5] is speculative and, even if awarded, would not satisfy the jurisdictional amount in controversy. "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (9th Cir. 1995). The Ninth Circuit, however, has rejected other defendants' arguments that the courts "should hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery." *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 796 (9th Cir. 2018). The defendant in *Swift*, as here, argues "this per se rule is appropriate because, in common fund cases, we have estimated reasonable attorneys' fees to be 25 percent of the total recovery." *Id*. The Ninth Circuit disagreed because "the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation." *Id*.

Defendant's estimated attorneys' fees are insufficient to carry its burden of demonstrating that the jurisdictional amount in controversy has been satisfied for two reasons. First, this Court has previously found the basis of the attorneys' fee ($4,588,580.16 in treble damages) (Opp'n. at 18) to be speculative as Defendant has failed to establish that treble damages are reasonably at stake in this case, as previously stated. Secondly, assuming the award of 25 percent in attorneys' fees is reasonable, the

---

[5] Defendant reaches this amount by taking 25 percent of the $4,588,580.16 treble damages amount. (Opp'n. at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

**CIVIL MINUTES - GENERAL**

calculation of the amount in controversy would be restricted to only the non-speculative amounts that Defendant has established of $1,529,526.72 (the resort fee damages) and $382,381.68 (the attorneys' fee amount), which does not exceed $5 million.

Thus, the Court does not find that this amount was sufficiently pled to create jurisdiction in this Court.

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion, and **REMANDS** this case to the Los Angeles Superior Court.  All dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**